IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>              Plaintiff,<br><br>  v.<br><br>DAJERABBY, INC. d/b/a SCREAMING EAGLE<br>AMERICAN BAR AND GRILL<br>228 E. 4th Street<br>Waterloo, Iowa, 50703<br><br><br>IVAN WEILAND<br>2216 W. 3rd Street<br>Cedar Falls, Iowa, 50613<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 6:19-cv-2013<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, for his action against Dajerabby, Inc. d/b/a Screaming Eagle American Bar and Grill and Ivan Weiland, individually, (collectively, Defendants), states the following:

### **Parties**

1. Plaintiff is the Secretary of Labor, United States Department of Labor. He brings this action to enjoin Defendants from violating the provisions of §§15(a)(2) and 15(a)(5) (29 U.S.C. §§215(a)(2) and 215(a)(5)) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§201 et seq.)("the Act"), and to recover unpaid minimum wages and overtime compensation owing for Defendants' employees pursuant to section 16(c) of the Act.

2. Defendant Dajerabby, Inc. d/b/a Screaming Eagle American Bar and Grill is an Iowa corporation with its principal place of business at 228 E. 4th Street, Waterloo, Iowa 50703. It is an employer under §3(d) of the Act (29 U.S.C. §203(d)).

3. Defendant Ivan Weiland is the owner of Dajerabby, Inc. d/b/a Screaming Eagle American Bar and Grill, and resides at 2216 W. 3rd Street, Cedar Falls, Iowa 50613. He acts directly or indirectly in the interest of Dajerabby, Inc. d/b/a Screaming Eagle American Bar and Grill in relation to its employees in that, among other things, he hires and fires employees, sets pay rates, is responsible for payroll policies, and directs, controls, and supervises business affairs. He is an employer under §3(d) of the Act.

### Enterprise, Interstate Commerce, and Jurisdiction

4. At all times relevant to this Complaint, the activities of Defendants were, and are, related and performed through unified operation or common control for a common business purpose, and have, since at least May 7, 2015, constituted an enterprise within the meaning of section 3(r) of the Act (29 U.S.C. §203(r)).

5. Since at least May 7, 2015, Defendants' enterprise has had (i) employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; therefore, Defendants were, and are, an enterprise engaged in commerce or in the production of goods for commerce as defined in § 3(s)(1)(A) of the Act (29 U.S.C. §203(s)(1)(A)).

6. Jurisdiction of this action is proper pursuant to §16(c) and §17 of the Act (29 U.S.C. §§216 and 217) and by 28 U.S.C. § 1345, and venue of this action is proper pursuant to 28 U.S.C. §1391.

## Violations of Fair Labor Standards Act

7. Defendants have violated and are violating the provisions of §§ 6 and 15(a)(2) of the Act (29 U.S.C. §§ 206 and 215) by failing to pay to certain employees, for their employment in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 per hour since at least May 7, 2015, through May 3, 2017.

8. Defendants have violated and are violating the provisions of §§ 7 and 15(a)(2) of the Act (29 U.S.C. §§ 207 and 215) by employing certain employees in an enterprise engaged in commerce or in production of goods for commerce for workweeks longer than 40 hours since at least May 7, 2015 through May 3, 2017, without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

9. Defendants have repeatedly violated and are violating the provisions of the Act as alleged in paragraphs 7 through 8, above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by § 17 of the Act.

10. As a result of the violations alleged in paragraphs 7 and 8, above, amounts are owing for certain present and former employees for the period from May 7, 2015 to May 3, 2017, including those persons specifically named in Exhibit A attached to this

complaint.  A judgment granting recovery of amounts of back wages owed and an equal amount in liquidated damages is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays judgment, pursuant to §17 of the Act, permanently enjoining and restraining Defendants, Dajerabby, Inc. d/b/a Screaming Eagle American Bar and Grill and Ivan Weiland, individually, and their officers, agents, servants, employees, and those persons in active concert or participation with them, who receive actual notice thereof, from violating the provisions of §§15(a)(2) and 15(a)(5) of the Act.  Plaintiff further prays judgment pursuant to §16(c) of the Act for judgment in the amount of $27,500 in back wages, $27,500 in liquidated damages, and any additional amounts as the Court may find due, together with interest thereon from the dates when such amounts became due, including post-judgment interest as authorized by 28 U.S.C. §1961, costs, and for such other further relief as may be necessary and appropriate.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Charles W. Gordon, Jr.
Acting Associate Regional Solicitor

s/Dana M. Hague
Dana M. Hague
Senior Trial Attorney
KS Bar #21572

2300 Main, Suite 1020
Kansas City, MO  64108
(816) 285-7283
(816) 285-7287 (fax)
hague.dana@dol.gov

U.S. Department of Labor