IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

R. ALEXANDER ACOSTA,            )
SECRETARY OF LABOR,             )
UNITED STATES DEPARTMENT OF LABOR, )
                                )
          Plaintiff,            )
                                )
v.                              )
                                )
DAJERABBY, INC. d/b/a SCREAMING EAGLE )
AMERICAN BAR AND GRILL          )
228 E. 4th Street               )   Case No. 6:19-cv-2013
Waterloo, Iowa, 50703           )
                                )
                                )
IVAN WEILAND                    )
2216 W. 3rd Street              )
Cedar Falls, Iowa, 50613        )
                                )
          Defendants.           )

## CONSENT JUDGMENT

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("the Secretary") brought this action against Dajerabby, Inc., d/b/a Screaming Eagle American Bar & Grill and Ivan Weiland, individually ("Defendants") for minimum wage, overtime pay and recordkeeping violations of the Fair Labor Standards Act during the time period of May 7, 2015 through May 3, 2017 (Relevant Period). Defendants have agreed to the entry of this Judgment without contest pursuant to an agreement between the parties. Upon joint motion of the parties and for good cause shown:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Judgment, are hereby permanently enjoined and restrained from violating the provisions of 29 U.S.C. §§ 215(a)(2) and 215(a)(5) of the Fair Labor

1

Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*, hereinafter the "FLSA"), including in any of the following manners:

    1.    Defendants shall not, contrary to 29 U.S.C. §§ 206(a)(1) and 215(a)(2), fail to pay to their employees engaged in commerce or in the production of goods for commerce or employed in their enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 per hour, or any rate subsequently made applicable by amendment to the FLSA.

    2.    Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of its employees in commerce or in the production of goods for commerce, or in its enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one half times the regular rate at which he or she is employed, absent the applicability of any exemptions allowed under the FLSA.

    3.    Defendants shall follow the regulations on tips and tip pooling contained in 29 C.F.R §531, Subpart D, Tipped Employees.

    4.    Defendants shall instruct and require their employees to keep accurate accountings of their time, including hours worked in excess of 40 hours per week.

    5.    Defendants and their officers and agents shall not request, solicit, suggest, or coerce, directly or indirectly, any current or former employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money, whether in the form of cash, check, or any other form,

2

Case 6:19-cv-02013-CJW-KEM   Document 7-1   Filed 03/27/19   Page 2 of 6
Case 6:19-cv-02013-CJW-KEM   Document 8   Filed 03/27/19   Page 2 of 6

previously due or to become due in the future to said employee under the provisions of this Consent Judgment; nor shall Defendants accept, or retrieve from any employee, either directly or indirectly, any money, whether in the form of cash, check, or any other form, heretofore or hereafter paid to said employee under the provisions of this Judgment; nor shall Defendants discharge or in any other manner discriminate against, nor solicit or encourage anyone else to discriminate against, any such employee because such employee has received or retained money due to him from Defendants under the provisions of this Judgment or the FLSA.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

Judgment is hereby entered, pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216, in favor of the Secretary and against Defendants, jointly and severally, in the total amount of $55,000 which includes $27,500 in unpaid overtime and minimum wage compensation due the employees identified in Exhibit A, attached hereto, plus an additional amount of $27,500 as statutorily authorized liquidated damages due to said employees.

6. Defendants shall make payment of the $55,000 as follows: (i) on or before February 20, 2019, Defendants shall pay $27,500; and (ii) On or before May 2, 2019, Defendants shall pay $27,500. All payments shall be delivered to the United States Department of Labor, Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638, in the form of a certified or cashier's check made payable to "Wage and Hour – Labor." Defendants shall furnish with each check referenced above, a statement showing the following information:

    a. The federal ID number Dajerabby, Inc., d/b/a Screaming Eagle American Bar & Grill;

3

b.  The name, Social Security number, last known address, last known telephone number and last known e-mail address of each person listed in Exhibit A.

7. The Secretary shall supervise the payment of the amounts stated in paragraph 5 to the employees on Exhibit A. Representatives of the Secretary shall distribute such amounts less appropriate deductions for federal income withholding taxes and the employee's share of the Social Security (F.I.C.A.) tax to the employees or their representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for the employers' share of F.I.C.A. arising from or related to the back wages distributed by the Secretary.

8. Any funds not distributed within a period of three years from the date of this Judgment because of inability to locate the proper persons or because of such person's refusal to accept the sums sought to be distributed shall be deposited into the Treasury of the United States.

9. Any unpaid balance is a debt owing to the United States and is subject to the Debt Collection Act of 1982 (Public Law 97-365) and the Debt Collection Improvement Act of 1996, 31 U.S.C. §§ 3701-3719.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

10. Nothing in this Judgment affects the rights of any current or former employees with respect to any claimed violations of the FLSA for time periods other than those identified in this Judgment.

11. Notwithstanding anything to the contrary, above, nothing in this Judgment shall be deemed an admission on the part of Defendants to claims raised by employees for violations of the FLSA in this litigation. Further, nothing in this Judgment precludes the

4

Case 6:19-cv-02013-CJW-KEM   Document 7-1   Filed 03/27/19   Page 4 of 6
Case 6:19-cv-02013-CJW-KEM   Document 8   Filed 03/27/19   Page 4 of 6

Secretary from enforcing violations of the FLSA against Defendants that occurred at times or locations other than those identified in this Judgment, and nothing in this Judgment shall prevent Defendants from asserting their defenses to such violations.

12. Each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding.

So ordered this 27th day of March, 2019.

_____
United States District Judge

The parties hereby consent to the terms and conditions of the foregoing Consent Judgment as set forth above:

**For Defendants:**

Dajerabby, Inc., d/b/a Screaming Eagle American Bar & Grill.

By _____
Title: President

_____
Ivan Weiland, individually

COPPLA, MCCONVILLE, CARROLL, HOCKENBERG & FLYNN, P.C.

s/Michael J. Carroll
2100 Westown Parkway, Suite 210
West Des Moines, Iowa 50265
(515) 985-7571 *telephone*

5

(515) 453-1059 *facsimile*
Michael@wdmlawyers.com

Attorneys for Defendants

**For the Secretary:**

Kate S. O'Scannlain
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Charles W. Gordon, Jr.
Acting Associate Regional Solicitor


s/Dana M. Hague
Dana M. Hague
Senior Trial Attorney
Office of the Solicitor
United States Department of Labor
2300 Main Street, Suite 1020
Kansas City, Missouri 64108
(816) 285-7289 *telephone*
(816) 285-7257 *facsimile*
hague.dana.m@dol.gov

6

Case 6:19-cv-02013-CJW-KEM   Document 7-1   Filed 03/27/19   Page 6 of 6
Case 6:19-cv-02013-CJW-KEM   Document 8   Filed 03/27/19   Page 6 of 6